UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERESA H.,

                    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                    Defendant.

CASE NO. C18-5711-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

///

///

///

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[2] She has two years of college education, and previously worked as a retail store assistant manager, cashier, driver, plastic factory molding operator, certified nursing assistant, and community support manager at a long-term care facility. (AR 67, 239, 255.)

Plaintiff applied for DIB in December 2015. (AR 218-19.) That application was denied and Plaintiff timely requested a hearing. (AR 131-33, 138-46.)

On April 4, 2017, ALJ David Johnson held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 62-110.) On July 21, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-52.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 2, 2018 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff did not engage in substantial gainful activity during the period between her alleged onset date (April 2, 2009) and her date last insured (DLI) (June 30, 2013). (AR 28.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's

---

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

cervical sprain, spinal abnormalities, radiculitis, right shoulder sprain, degenerative joint disease, thoracolumbar sprain, radiculopathy, lupus, fibromyalgia, emphysema/chronic obstructive pulmonary disease, interstitial lung disease, Raynaud's phenomenon, and bursitis were severe. (AR 28-30.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 30-33.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work with additional limitations: she could occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. She could frequently climb ramps or stairs. She could occasionally reach overhead with her right arm. She could not have concentrated exposure to extreme cold, pulmonary irritants, or hazards. (AR 33.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as an auto driver, packing and shipping clerk, cashier II, sales clerk, and social service aide. (AR 49-50.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ proceeded to step five in the alternative, finding that Plaintiff could perform other representative jobs such as storage facility rental clerk, small product assembler, mail clerk, semiconductor bonder, and document preparer. (AR 51-52.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) excluding mental health conditions at step two; (2) assessing certain medical opinions; and (3) assessing her RFC.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). A medically determinable impairment results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 404.1521. "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*

---

[3] Plaintiff's opening brief also challenges the ALJ's step-four findings and the sufficiency of the evidence, but in doing so either only reiterates arguments made elsewhere or fails to identify an error with specificity. Dkt. 12 at 15-16. Accordingly, these issues will not be analyzed separately.

*v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

In this case, the ALJ found that Plaintiff's post-traumatic stress disorder (PTSD) had not been diagnosed by an acceptable medical source, and thus was not medically determinable. (AR 29.) The ALJ also found that Plaintiff's anxiety and depression were medically determinable, but not severe because they did not cause limitations that were any more than mild. (AR 29-30.) Plaintiff argues that the ALJ erred in excluding PTSD, depression, and anxiety at step two. Dkt. 12 at 5-10.

As to PTSD, Plaintiff notes that the ALJ emphasized that this condition was not diagnosed by an acceptable medical source. Dkt. 12 at 5. Plaintiff does not dispute this finding or explain how this finding was erroneous. Accordingly, the Court finds that the ALJ properly excluded PTSD at step two. *See* 20 C.F.R. § 404.1521 ("Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source.").

Likewise, the remainder of Plaintiff's brief on the step-two allegations do not show error in the ALJ's decision. Plaintiff points to several parts of the record, none of which establish that her mental conditions caused functional limitations prior to the DLI more severe than found by the ALJ: in fact, they do not identify any particular functional limitations at all. Dkt. 12 at 5-10 (citing AR 834, 1083-92, 2258-62). The ALJ entered detailed findings regarding Plaintiff's functioning in the four "paragraph B" domains, and Plaintiff has not shown that any of those findings are

erroneous. (AR 29-30.) Plaintiff urges this Court to interpret the mental examinations to support her contentions, but this Court will not re-weigh the evidence. Because Plaintiff has failed to meet her burden to show error in the ALJ's step-two findings, this portion of the ALJ's decision is affirmed.

### Medical evidence

Plaintiff alleges that the ALJ erred in assessing the medical evidence pertaining to her physical and mental conditions, and the Court will consider each argument in turn.

### Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

### Physical impairments

Plaintiff notes that the ALJ focused on the paucity of abnormal objective findings in the

medical evidence. Dkt. 12 at 10-11 (referencing AR 35-45, 47-49). Plaintiff points to certain objective findings (Dkt. 12 at 11 (citing AR 574, 575, 581, 582, 596, 616)), but fails to acknowledge that the ALJ mentioned those findings as well, and that he found that those abnormal findings were minimal in the context of the record, and were undermined by Plaintiff's inconsistent responses upon examination. (AR 35-37.) Although Plaintiff interprets the evidence differently, she has not shown that the ALJ's assessment was unreasonable and has therefore failed to establish error in the ALJ's decision. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Plaintiff's brief next addresses a few of the many medical opinions in this record. Dkt. 12 at 11-13. Plaintiff's alternate interpretation of these opinions does not establish error in the ALJ's assessment of these opinions. Although Plaintiff notes that some of the discounted opinions mention objective findings, the ALJ acknowledged those objective findings and found them to be minimal and contradicted by other examination results. (AR 35-37.) Plaintiff also emphasizes that her treating chiropractor cited objective findings, but does not acknowledge that the ALJ cited objective findings inconsistent with the chiropractor's findings, which is a specific, legitimate reason to discount the chiropractor's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions). Furthermore, the ALJ did not err in noting the chiropractor's status as a non-acceptable medical source. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010); *Hubble v. Astrue*, 467 Fed. Appx. 675, 676-77 (9th Cir. Jan. 30, 2012) ("The ALJ is entitled to give greater weight to opinions from 'acceptable medical sources' . . .). That the ALJ credited other opinions that were signed by chiropractors working in concert with physicians does not

create an internal inconsistency with the ALJ's finding that opinions authored by a chiropractor alone were entitled to less weight. (*See* AR 39-40, 41-42.)

Lupus & fibromyalgia

Plaintiff argues that the ALJ's decision fails to account for limitations caused by her lupus and fibromyalgia. Dkt. 12 at 13. Plaintiff states that "the possibility exists that [she] exhibited symptoms for years prior to her formal [lupus and fibromyalgia] diagnoses" in early 2013. *Id*. This contention fails to identify any evidence in the record indicating that Plaintiff actually had any limitations caused by these conditions prior to the DLI that were not accounted for in the RFC assessment; raising the mere "possibility" that she had more severe limitations does not show that the ALJ erred. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) ("Valentine does not detail what other physical limitations follow from the evidence of his knee and should[er] injuries, besides the limitations already listed in the RFC. We reject any invitation to find that the ALJ failed to account for Valentine's injuries in some unspecified way."). Plaintiff has not met her burden to show that the ALJ improperly excluded limitations caused by lupus or fibromyalgia.

Mental impairments

Plaintiff reiterates arguments made with respect to step two to contend that she had mental limitations that should have been included in the RFC assessment. Dkt. 12 at 14. Plaintiff does not point to any evidence outlining any functional limitations, however. *Id*. Therefore, Plaintiff has not shown that the ALJ erred in failing to include mental limitations in the RFC assessment.

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 18th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge